## Crawford v. Wiedemann.

## Wiedemann v. Crawford.

(Decided September 17, 1913).

### Appeals from Campbell Circuit Court.

1. Vendor and Purchaser—Which to Pay Taxes.—Section 4023 of the Kentucky Statutes, which provides that if property be sold before February 1st, of the year in which the taxes are due and payable, it shall be the duty of the purchaser, in the absence of any contract to the contrary, to pay the taxes upon the property bought, applies to judicial sales, and embraces all annual taxes, including State, county and municipal taxes.

2. Statutes—Summary Remedy in Ascertainment of Taxes.—Section 989 of the Kentucky Statutes, which authorizes courts having a continuous session, in actions for the sale of real-property, to determine summarily the amount of taxes upon the property to be sold, and to provide for the same in the judgment, or by a credit for such taxes upon the purchase price, is a remedial statute only, and is not inconsistent with or repealed by section 4023 of the Kentucky Statutes, which confers upon the purchaser of real-property the substantive right of having the current taxes upon property bought by him credited upon his purchase price where the sale is made after February 1st, of any year.

JAMES C. WRIGHT for Crawford.

RAMSEY WASHINGTON and DOLLE, TAYLOR & O'DONNELL for Wiedemann.

OPINION OF THE COURT BY JUDGE MILLER—Affirming on the first appeal and reversing on the second appeal.

Leonard J. Crawford, the appellant in the first appeal, and appellee in the second appeal, which are heard together, bought the property sold herein by the commissioner on January 24, 1912. The sale to Crawford was confirmed on January 29, 1912. On December 7, 1912, Crawford moved the court to allow him as credits upon his sale bonds (1), the sum of $411.65, being the amount of the State, County and Court House District taxes upon said property for the year 1912; and (2) the further sum of $342.65, the latter sum being the tax due on said property to the District of Highlands for the year 1912. Crawford had paid both sums on November 30, 1912. The court overruled the first motion, but sustained the second motion, and allowed the purchaser a credit upon his bond for $342.65, being the amount that he had paid for the tax due the District of Highlands. Crawford appeals from the order refusing him the credit for $411.65, while Wiedemann appeals from the order allowing the credit for $342.65.

The District of Highlands, in Campbell County, has some municipal powers, and exists by virtue of an Act of the Legislature passed in 1872. See Chapter 976, Volume 1, Acts of 1872. By an amendment of 1884, it was provided that assessments of all property in the District for taxation, for district purposes, should be made as of the 1st day of January. Acts 1883-4, Chapter 699. The district tax upon the property bought by Crawford, and for which the court allowed him a credit upon his sale bonds, became a lien upon the property on January 1, 1912, twenty-three days before the property was sold.

Section 4023, of the Kentucky Statutes, reads, in part, as follows:

"The holder of the legal title, and the holder of the equitable title, and the claimant or bailee in possession of the property on the 1st day of September of the year the assessment is made, shall be liable for taxes thereon; but, as between themselves, it shall be the duty of the holder of the equitable title to list the property and pay the taxes thereon, whether the property be in possession or not at the time of the payment; * * *

"Provided, that if the property be sold before February 1st of the year in which the taxes are due and payable, then, as between the purchaser and seller, and in the absence of any contract to the contrary, it shall be the

duty of the purchaser of the property to pay the taxes thereon; and if the property is sold after February 1st, of the year in which the taxes are due and payable, it shall be the duty of the seller to pay the taxes thereon.''

Section 989 of the Kentucky Statutes, which is found in the division thereof relating to ''Courts Having Continuous Session,'' reads as follows:

''The court may, in actions for sale of real property, determine summarily, with or without written pleadings, the amount of any State, district or municipal taxes or assessment upon the property to be sold, and shall provide for the payment of the same in the judgment; and if the plaintiff fail to ask therefor, the purchaser shall be entitled, at any time before the payment of the purchase price, to a credit for the amount thereof.''

Under the provisions of section 4023, if it applies to all taxes, both motions for a credit should have been overruled, since the sale was made before February 1st. In such cases the statute makes it the duty of the purchaser, in the absence of a contract to the contrary, to pay the taxes for the current year.

The ruling of the circuit court in allowing the credit for the District of Highlands tax was evidently based upon the theory that section 4023, *supra*, did not apply to or affect by way of amendment the local Acts of 1872 and 1884, incorporating the District of Highlands and levying taxes therefor, but that said section 4023 did control the rights of the parties as to the State, County, and Court House District taxes levied under a general law.

No contract is relied upon in this case, and we assume the judgment made no provision upon the subject.

Crawford insists that his rights are fixed by section 989 of the Statutes above quoted; while Wiedemann insists that section 989 relates merely to the remedy and confers no substantive rights whatever, and that the substantive rights of the parties are controlled by section 4021 of the Kentucky Statutes, which gives a lien upon property for taxes, and section 4023 above quoted, which fixes the respective rights and duties of the seller and purchaser.

It is further contended by Wiedemann that section 4023 has no application to judicial sales, and that for that reason alone the court should not have allowed Crawford credit for any sum paid as taxes. To so hold, however, would be giving a restricted construction to the

statute, which is not justified by its language. The statute is general in its terms, and fixes the respective rights of the parties, in the absence of a contract, where property is sold after the tax is levied and before February 1st., following. Although section 4023 is found in the chapter on Revenue and Taxation, it is under the subhead of "General Provisions," which, in effect, constitute a general law upon the subject there treated.

Section 4023 is general in its provisions and applies to all taxes which are "due and payable" in the current year of the sale. If two parties should make a contract of sale on January 1st of any year, without including in their contract any provision as to the payment of the taxes for the current year, the seller could, as a matter of law, require the buyer to pay the taxes for the current year, because the statute expressly so provides. They contracted with the statute in view; and if the buyer had wished to avoid the effect of the statute he should have contracted to that effect. And the law being applicable to all persons in their ordinary contractual relations with each other, we see no reason why it should not equally apply when the rights of the buyer and the seller come to be fixed by a court of equity. The statute is controlling in either case. And, since in the case of a contract between individuals the buyer may contract against his statutory liability for the taxes for the current year, the court, which in a judicial proceeding acts for the parties, may by its judgment provide that the buyer of the property shall pay the taxes thereon, as a part of his purchase price, even though the property be sold before February 1st.

Section 989 of the statute above quoted, is a practice act for circuit courts having a continuous session, and merely provides a summary remedy for the ascertainment and payment of taxes on property sold in tribunals of that character. If it should be treated as giving substantive rights, we would have the anomalous situation of circuit courts of continuous session granting a species of relief that would be denied in other circuit courts. Evidently, no such result was ever contemplated. The substantive rights of the parties in this respect are fixed by section 4023, which, in our opinion, applies to all annual taxes alike. There is nothing in the statute which would make it apply to one character of tax and not to another. It does not attempt to affect the rights of municipalities or to disturb their liens for taxes; it merely

fixes the rights and duties as between the successive owners of the property. It is not at all inconsistent with section 989 which merely provides a summary remedy in courts having a continuous session. The right to the credit is given or denied by section 4023, and in asserting the right in courts having a continuous session the purchaser may proceed summarily under section 989; but if the right is to be asserted in a court which does not have a continuous session the purchaser cannot proceed summarily. The right exists, however, in both courts, if it exists in either.

It follows, therefore, that since the sale in this case was made before February 1, 1912, it was the duty of the purchaser to pay all the taxes for that year, and that the circuit court erred in allowing any credit whatever upon Crawford's purchase bonds.

The judgment in Crawford's appeal is affirmed.

The judgment in Wiedemann's appeal is reversed, with instructions to the circuit court to set aside the order allowing Crawford the credit for $342.65 upon his purchase bond.